**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JOSEPH HATLEY,

    Petitioner,

v.

WARDEN,

    Respondent.

\*
\*
\*
\*    Civil No. 25-2659-BAH
\*
\*

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**MEMORANDUM AND ORDER**

Petitioner Joseph Hatley filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 11, 2025, alleging that his due process rights were violated in the context of a disciplinary hearing conducted by the federal Bureau of Prisons ("BOP"). ECF 1. Respondent filed a motion to dismiss on September 29, 2025, asserting that Hatley's petition should be dismissed because he has failed to exhaust administrative remedies and his petition is otherwise without merit. ECF 5. Despite being advised of his right to do so, Hatley has not responded to the motion to dismiss and the time for doing so has expired. *See* ECF 6 (advising Hatley he had 28 days from September 30, 2025 to respond). On March 26, 2026, Hatley was granted 28 days to show cause why this case should not be dismissed for failure to prosecute. ECF 7. Hatley has failed to respond.

On April 27, 2026, the March 26 order was returned to the Court as undeliverable because Hatley is no longer incarcerated at FCI Cumberland.[1] ECF 8. Pursuant to this Court's Local

---

[1] The Bureau of Prisons' website indicates that Hatley is currently assigned to the Residential Reentry Management ("RRM") located in St. Louis, Missouri at 1222 Spruce St., Suite 6.101, St.

Rules, all parties have an affirmative duty to inform this Court of any change of address during the pendency of their actions. *See* Loc. R. 102.1.b.iii. (D. Md. 2025). The petition will be dismissed on that basis but will also be dismissed without prejudice for failure to exhaust administrative remedies as explained by Respondent in the motion to dismiss. ECF 5. Hatley's attempt to appeal the Disciplinary Hearing Officer's decision finding him guilty was dismissed as untimely and he admittedly did not attempt a second appeal. ECF 1, at 3. "An inmate has not exhausted their administrative remedies until they have pursued their grievance through all levels." *Myers v. YesCare Corp.*, Civ. No. GLR-22-3102, 2024 WL 473804, at *8 (D. Md. Feb. 7, 2024) (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943–44 (D. Md. 1997)); *id.* at *9 (finding that a petitioner failed to exhaust administrative remedies when the petitioner's first grievance was found to be untimely and he did not appeal further). Thus, the motion to dismiss has merit and will therefore be granted.

Accordingly, it is this 30th day of April, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Respondent's motion to dismiss (ECF 5) IS GRANTED;

2. The petition for writ of habeas corpus IS DISMISSED without prejudice;

3. The Clerk SHALL PROVIDE a copy of this memorandum and order to counsel for Respondent;

4. The Clerk SHALL MAIL a copy of this memorandum and order to Hatley at the following address: Joseph Hatley #06991-025, c/o RRM St. Louis, Residential Reentry Office, 1222 Spruce Street, Suite 6.101, St. Louis, MO, 63101; and

---

Louis, MO 63101. The Clerk will be directed to forward this dismissal to Hatley to the care of that address.

5.  The Clerk SHALL CLOSE this case.

_____/s/_____
Brendan A. Hurson
United States District Judge